PEOPLE v. BALL

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

>   Denial of defendant's motion to withdraw his plea of guilty was not error where the judge during his examination of the defendant advised him of the maximum sentence and established by direct questioning the essential elements of the offense and before accepting the defendant's plea and imposing sentence complied with the statutory requirements (MCLA § 768.35; GCR 1963, 785.3).

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 September 8, 1970, at Detroit. (Docket No. 7,545.) Decided October 29, 1970.

James Ball was convicted, on his plea of guilty, of forging a check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,*

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Prosecuting Attorney, *Fredric A. Grimm, Jr.,* Chief Assistant Prosecuting Attorney, and *Michael J. Flynn,* Assistant Prosecuting Attorney, for the people.

*Krueger & Gray* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

O'HARA, J.    The defendant, James Ball, appeals his conviction upon a plea of guilty of forging a check.    MCLA § 750.248 (Stat Ann 1970 Cum Supp § 28.445).    The issues raised on appeal do not merit extended discussion.

The trial judge, during his examination of the defendant, advised him of the maximum sentence and established by direct questioning the essential elements of the offense, including that the defendant signed the name of the payee of a check without authority with intent to injure or defraud.    Before accepting the defendant's plea and imposing sentence, the judge complied with the requirements of GCR 1963, 785.3 and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058).

Nothing has been adduced which would move us to hold that the trial judge erred in refusing to grant the defendant's motion to withdraw his plea of guilty.

Affirmed.

All concurred.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.